Adam I. Gafni, Cal. Bar No. 230045
Jamie Fountain, Cal. Bar No. 316567
GAFNI & LEVIN LLP
12121 Wilshire Blvd., Suite 805
Los Angeles, California 90025
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
Email: jamie@gafnilaw.com

Attorneys for Plaintiff, CHARLES ADAM JONES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES ADAM JONES,<br><br>Plaintiff,<br><br>v.<br><br>NUTRITION CORP, INC. dba IONUTRITION, a Wyoming Corporation; and DOES 1-10, inclusive<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Charles Adam Jones ("Plaintiff"), by and through his attorneys of record, alleges against Defendants Nutrition Corp, Inc. dba IONutrition (hereinafter "Defendant") and DOES 1-10, inclusive, as follows:

## I.   THE PARTIES

1. Plaintiff is a resident of the State of Kentucky and an acclaimed photographer specializing in travel and nature photographs. Plaintiff's photographs are copyrighted images.

2. Plaintiff operates the website www.adamjonesphoto.com and regularly sells

1
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

and/or licenses his copyrighted images across the United States.  His images are widely published, with credits including National Geographic Books, Time, and Life Magazine. Additionally, Plaintiff's works have been used on posters, calendars, magazines, books and advertising campaigns around the world for clients such as Canon, Ford, Eddie Bauer, Miller Beer and Honda.

3. Plaintiff is informed and believes that Defendant Nutrition Corp, Inc. dba IONutrition is a Wyoming Corporation which is registered to do business in the State of California in Anaheim, California and regularly conducts business from its office located in Anaheim, California.

4. Based upon publicly available documents, including their own website publications, Plaintiff is informed and believes that during all relevant times Defendant Nutrition Corp, Inc. dba IONutrition owned, managed, supervised, and/or controlled the commercial website http://www.ionutrition.com (and all associated sub-Uniform Resource Locators (URLs)), among other locations and through which such Defendant solicited customers, advertised products, and promoted/marketed its business (hereinafter referred to as the "Websites").

5. Plaintiff is informed and believes that Defendant used the Websites to advertise, market, and promote its business in order to generate and maintain business and profit.

6. Plaintiff does not presently know the true names and capacities of the Defendants named as DOES 1 through 10 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and

capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendant are referred to collectively as "Defendants."

7. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II. JURISDICTION AND VENUE

8. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

9. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United states Copyright Act of 1976, as amended, 17 U.S.C § 101 *et seq.* (the "Copyright Act").

10. ***Subject Matter Jurisdiction.*** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. ***Venue.*** Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a).

12. ***Personal Jurisdiction***. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendant Nutrition Corp, Inc. dba IONutrition because, for years and continuing to the date of this Complaint, Defendant has resided and operated commercial businesses headquartered within this judicial

district and/or through which Defendant knowingly, systematically, and continuously transacts business and enters into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; operates websites that are accessible to, accessed by, and targeted towards residents in the State of California and those within this judicial district; and the copyright infringement that gave rise to this lawsuit occurred in whole or in part within this judicial district.

13. Plaintiff is informed and believes that Defendants, and those in control of the Websites, have had at relevant times and/or continue to have, technical and/or administrative operations in California, within this judicial district, such that the complained of conduct was directed or controlled from this judicial district.

### III. FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Plaintiff is an acclaimed commercial and editorial photographer.

16. Plaintiff is informed and believes that the Defendants own, manage, and control the commercial Websites where Defendants advertise, promote, and sell their organic meal delivery service.

17. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office.

18. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office. Plaintiff registered the Photograph and had a Certificate of Registration Reg. No. VA0001-805-849 with an effective date of August 23, 2011 issued by the United States Copyright Office. A copy of the Photograph is attached as **Exhibit A** (the symbol

1  "©" has been added to the image in Exhibit A for purposes of this filing only). A
2  copy of said Copyright Registration is attached hereto as **Exhibit B** and the
3  Photograph is titled "F3416" within the Registration.
4  19.    Plaintiff is the sole owner of the copyright to the Photograph.
5  20.    Plaintiff submitted and/or caused to be submitted to the United State
6  Copyright Office an application to obtain copyright registration for the Photograph
7  on or about August 23, 2011 and deposit copy of the Photograph along with it.
8  21.    As the sole owner of the copyrights in the Photograph, Plaintiff holds the
9  exclusive rights to reproduce, publicly distribute, and display the Photograph
10 pursuant to 17 U.S.C. §§ 106 and 501.
11 22.    The Photograph was not a "work for hire."
12 23.    Plaintiff incurred substantial time and expense in creating the Photograph.
13 24.    Within the last three years, Plaintiff discovered that Defendants have
14 unlawfully copied, displayed, and distributed his registered Photograph without a
15 license or consent on its commercial Websites and potentially other locations to
16 advertise, market, and promote their services. Prior to such time Plaintiff did not
17 and could not have reasonably discovered the infringement.
18 25.    Plaintiff is informed and believes that Defendant copied the Photograph,
19 without authorization or permission from Plaintiff, including by when they
20 unlawfully copied/reproduced, uploaded/downloaded, or caused to be
21 uploaded/downloaded, publicly displayed, and distributed the Photograph to a
22 global audience on the World Wide Web via the Website on at least the following
23 URL/links:
24      (1)    https://www.ionutrition.com/cincinnati-meal-delivery/
25      (2)    https://www.ionutrition.com/wp-content/uploads/2016/06/cincinnati-
26             meal-delivery.jpg
27 26.    Plaintiff is informed and believes that Defendants commenced their
28

5

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

infringing use of the Photograph after the Photograph had been registered with the United States Copyright Office.

27. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the Photograph.

28. Plaintiff is informed and believes that Defendants copied/reproduced, uploaded/downloaded, or caused to be uploaded/downloaded, publicly displayed, and distributed the Photograph with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photograph in the manner in which it was used in willful violation of Plaintiff's copyrights.

29. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading/downloading, or causing to be uploaded/downloaded, public display, and distribution of the Photograph to a global audience on the World Wide Web via the Websites, and potentially other locations, including social media websites, and constitutes direct copyright infringement.

30. Plaintiff is informed and believes that Defendant Nutrition Corp, Inc. dba IONutrition had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Websites as the owner of the Websites during the time period in which the infringement occurred.

31. Plaintiff is informed and believes that during all relevant times Defendant Nutrition Corp, Inc. dba IONutrition is the dominant influence on the activities of Defendants; had the power to control their actions, engaged in the infringing activities herein, determined the policies which resulted in the infringement and otherwise acted, consented, directed or ratified the infringing activity. Plaintiff is informed and believes that Defendant Nutrition Corp, Inc. dba IONutrition attempted to obtain and/or did obtain profit from the infringing activities alleged herein and/or attempted to derive a profit and direct financial benefit.

32. Plaintiff is informed and believes that the Photograph was used by Defendants knowingly and recklessly in violation of Plaintiff's rights without obtaining a license or consent from Plaintiff and thereby violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 106 and 501.

33. Plaintiff is informed and believes Defendants have the right and ability to control, supervise, monitor and direct the Websites wherein the infringing activity occurs including the Websites' pages and despite receiving notice of and knowledge of their infringement contributed to further infringements of the Photograph.

34. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic work, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

35. Defendants' unlawful use of copies of Plaintiff's original photographic work has diminished the value of the original photographic work by distributing and encouraging redistribution of the photographic work without identifying the photographic work as being the exclusive property of Plaintiff.

36. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic work, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

## IV.   FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO
## 17 U.S.C. §§ 106 and 501
## (Against All Defendants)

37. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendants.

39. Under Section 106 of the Copyright Act Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Photograph.

40. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, sold or made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph.

41. Plaintiff is informed and believes that Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

42. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because Defendants knew or recklessly failed to know that they did not have the right to use the Photograph in the manner in which they used it.

43. Despite actually receiving notice of infringement, Defendants continued to infringe and publicly display the Photograph.

44. Defendants' conduct alleged above constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photograph in violation of §§ 106 and 501 of the Copyright Act.

45. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has

suffered and continues to suffer lost profits and damages. Defendants' unlawful use of Plaintiff's Photograph has diminished the value of the original Photograph by, *inter alia*, displaying and distributing the Photograph without identifying it at being the exclusive property of Plaintiff. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

46. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants his actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b). At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## V. SECOND CLAIM FOR RELIEF
## SECONDARY COPYRIGHT INFRINGEMENT
**(Against Defendant Nutrition Corp, Inc. dba IONutrition)**

48. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

49. Defendants' conduct also constitutes vicarious and contributory infringement. Plaintiff is informed and believes that Defendant Nutrition Corp, Inc.

dba IONutrition owned, directed and managed the Websites and/or Defendants' activities and had the right and ability to control Defendants' infringing conduct and had reasonable and simple means of removing or disabling access to the infringing Photograph.

50. Plaintiff is informed and believes that Defendant obtained and/or attempted to derive a direct economic benefit from the infringing activities.

51. Defendant's agents and employees whom they manage, and control engaged in the infringing activities and to generate and/or attempt to generate a direct economic benefit to Defendant. Even after notice of and knowledge of their infringement, Defendants failed to remove the infringement and/or induced, caused and materially contributed to the infringement.

52. Defendant, by their unauthorized appropriation and use of Plaintiff's original Photograph, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photograph.

53. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages.

54. As a direct and proximate result of Defendant's infringements, Plaintiff was damaged and is entitled to recover from Defendant his actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b). At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for their infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper. Plaintiff is entitled to attorneys'

fees and costs pursuant to 17 U.S.C. § 505.

55. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages;
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;
3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act;
4. For prejudgment interest;
5. For attorneys' fees and costs;
6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:
   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and
   b. the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and

1 | all servers and other computer equipment used to publish,
2 | broadcast or archive the Photograph; and
3 | 7. For such other and further relief as this Court deems just and
4 | appropriate.

Dated: September 22, 2020              GAFNI & LEVIN LLP

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorney for Plaintiff
CHARLES ADAM JONES

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  September 22, 2020                           GAFNI & LEVIN LLP

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys for Plaintiff
CHARLES ADAM JONES

1
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL